IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| WM CAPITAL PARTNERS 51, LLC., | |
|---|---|
| Plaintiff, | |
| v. | CIVIL NO. 16-1192 (PAD) |
| PONTON EMBROIDERY, INC., **ET AL.** | |
| Defendants. | |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

The Federal Deposit Insurance Corporation as receiver of Doral Bank sold the Credit Agreement relevant here to WM Capital Partners 51, LLC. In turn, WM initiated the present action for collection of monies and foreclosure against Pontón Embroidery and Anabelle Vélez-Ayala. Before the court is WM's unopposed "Motion for Summary Judgment" (Docket No. 34). For the reasons explained below, the motion is GRANTED.

**I.    STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c). The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial. Mesnick v. General Electric Co., 950 F. 2d 816, 822 (1st Cir. 1991).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows.

## II. STATEMENT OF FACTS

WM is a limited liability company organized and existing under the laws of Delaware, with principal place of business in New York (Docket No. 1 at ¶ 4). Ponton Embroidery is a corporation organized under the laws of Puerto Rico, with principal place of business in Puerto Rico. Id. at ¶ 7. On January 28, 2005, it entered into a Credit Agreement, pursuant to which Doral granted Ponton Embroidery a $ 265,000 loan. Id. at ¶ 9; Docket No. 1, Exh. 2. Vélez-Ayala is an unlimited and unconditional guarantor, jointly and severally responsible with Ponton Embroidery for compliance with the agreement (Docket No. 1 at ¶ 8; Docket No. 34, Exh. 5 at pp. 1, 3). Her last known address is in Caguas, Puerto Rico (Docket No. 1 at ¶ 8).

The Credit Agreement requires the debtor to pay monthly installments of $2,052.78 with interest at 6.95% for the first five years, and at 2.00% over the prime rate in the subsequent 15 years unless otherwise agreed to. See, Docket No. 34-1, "Statement of Uncontested Material Facts" ("SUMF") at ¶ 9. Id. at 10, 11. In case of collection, the debtor would be liable for all

charges, fees, and/or disbursements incurred by plaintiff, in addition to costs, expenses and attorney's fees.

To secure payment, Ponton Embroidery executed a Mortgage Note in favor of Doral, or to its order, for the principal amount of $200,000.00, due upon presentation, with interests equal to 6.95% per annum, secured by first mortgage constituted by deed number 10, executed in San Juan, Puerto Rico, on January 28, 2005, before Notary Public Manuel L. Correa -Marquez. The mortgage encumbers a property located in Caguas, which is described in the Registry of Property in the Spanish language as follows:

> URBANA: Solar -marcado con el número diez (10) de la manzana cuatro K (4-K) de la Urbanización Villa del Rey, Sección Cuarta, situada en el Barrio Cañaboncito de Caguas, compuesto de doscientos noventa y uno punto dieciocho (291.18) metros cuadrados. En lindes por el Norte, con la calle número uno (1), distancia de doce punto sesenta y seis (12.66) metros; por el Sur, con la Carretera Estatal setecientos ochenta y siete (787), distancia de doce punto sesenta y seis (12.66) metros; por el Este, con el solar número once (11), distancia de veintitrés (23.00) metros; y por el Oeste, con el solar número nueve (9), distancia de veintitrés (23.00) metros.
>
> Enclava una casa de concreto.
>
> 1nscrita al folio móvil del tomo mil quinientos noventa y nueve (1599) de Caguas, finca numero catorce mil treinta y nueve (14,039), Registro de la Propiedad de Caguas, Sección Primera.
>
> See, Docket No. 34-4 and 34-6.

The same day, Ángel Javier Rivera-Maymi1 and Anabelle Vélez-Ayala, executed an "Agreement of Guarantee and Pledge," in favor of Doral, authenticated by affidavit 23,369 before Notary Public Manuel L. Correa Marquez (Docket No. 34, Exh. 5), jointly and severally guaranteeing the prompt and timely fulfillment of Ponton Embroidery's obligations under the agreement (Docket

No. 34-3).[1] And on February 18, 2005 Ponton Embroidery executed in favor of Doral, Financing Statements with File Numbers 2005013429, 2005013430, 2005013431 (Docket No. 34-7).[2]

On June 10, 2015, WM and the FDIC entered into a "Loan Sale Agreement" under which WM acquired some of Doral's assets, including the Credit Agreement entered into between Ponton Embroidery and Doral (Docket No. 1 ¶ 4). Eventually, defendants defaulted. As of September 18, 2015, they owed WM $244,106.00 in principal, plus $114,414.00 in interest, in addition to late fees, stipulated costs, expenses and attorney's fees, with interest accruing until fulfillment of the debt. SUMF ¶ 20. In line with the agreement the creditor accelerated expiration of the obligation and proceeded to collection through judicial means. SUMF ¶ 17

### III. DISCUSSION

Under Puerto Rico law, which applies here, "obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994. A mortgage is a "guarantee of a debt, which in turn is secured by a particular property." Bautista Cayman Asset Company v. Vilariño-Rodriguez, 2018 WL 6422731, at *3 (D.P.R. Dec. 5, 2018). A mortgage creditor may seek foreclosure if the debtor "defaults on the payment of any principal or interest due." CitiMortgage, Inc. v. Rivera-Anabitate, 39 F.Supp.3d 152, 154 (D.P.R. 2014). The remedy applies, as there is no genuine issue of material fact as to the obligation, default, and amount owed.

---

[1] Mr. Rivera-Maymi filed a bankruptcy petition on June 16, 2014 and discharged was granted on September 16, 2014 (Docket No. 34, Exh. 7.

[2] The record sheds no light on the purpose of the financing statements. However, it is uncontested that those statements were part of the agreements to secure Ponton Embroidery's obligation under the Loan Agreement.

## IV. CONCLUSION

In light of the foregoing, the motion for summary judgment is GRANTED. Accordingly, defendants are ordered to pay plaintiff the outstanding principal balance of $244,106.00 plus $114,414.00 in interest calculated up to September 18, 2015. The interest continues to accrue until the debt is paid in full. Defendants are further ordered to pay plaintiff accrued late charges and any other advance, charge, and attorney's fees.

In default of the payment of the sums hereinbefore specified or of any part thereof, within fourteen (14) days from the date of entry of this judgment, the mortgaged property described above shall be sold at public auction to the highest bidder therefor, without an appraisal or right of redemption for the payment of plaintiff's mortgage within the limits secured thereby. Upon plaintiff's compliance with Fed.R.Civ.P.53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the sale, or do anything in connection with it, until further order by the court and under the form and conditions to be directed by the court.

The sale shall be subject to the confirmation of the court, and the purchaser or purchasers thereof shall be entitled to receive possession. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed is $200,000.00. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of the court shall be applied as follows:

> a. To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses, and attorney's fees.

      b. To the payment of all expenses or advances made by the plaintiff.

      c. To the payment to plaintiff of the amounts due by defendants, plus interest, accrued late charges and any other advance, charge, fee or disbursements made by plaintiff on behalf of defendant, in accordance with the mortgage deed, plus costs, and costs, expenses, and attorney's fees.

      d. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the court.

      e. If after making all those payments there is a deficiency, plaintiff may seek further orders by the court to collect the deficiency from defendants.

Plaintiff may apply to the court for such further orders, as it may deem advisable to its interests to satisfy its money judgment, in accordance with its terms.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of February, 2019.

                                  s/Pedro A. Delgado-Hernández
                                  PEDRO A. DELGADO-HERNÁNDEZ
                                  United States District Judge